THE GEORGIA RAILROAD AND BANKING COMPANY *vs.* WILHOIT.

Whenever property is injured by the running of the locomotives, cars or other machinery of a railroad company, a presumption of negligence arises against the company, but this presumption may be rebutted by showing that, at the time the injury occurred, its agents were exercising all ordinary and reasonable care and diligence. Where there was no conflict in the evidence, and it showed that a railroad train killed a mule; that the night was a clear, starlit night, but at the place where the casualty occurred the track was enveloped by a smoke or fog, so that the engineer and fireman, who were on the lookout, were unable, in consequence thereof, to discover the mule on the track until they were within fifty or sixty yards of it, when it was impossible to have stopped the train so as to avoid killing the mule; and that the whistle was blown: the presumption was rebutted, and a verdict finding damages againt the company on account of the killing of the mule, was contrary to the evidence and without evidence to support it.

March 31, 1887.

Railroads. Damages. Negligence. Verdict. Presumptions. Before Judge RONEY. Warren Superior Court. October Adjourned Term, 1885.

Reported in the decision.

J. B. CUMMING; M. P. REESE, for plaintiff in error.

JAMES WHITEHEAD, for defendant.

BLANDFORD, Justice.

Wilhoit brought his action against the railroad company for killing a mule, which he alleged belonged to him. He obtained a verdict, and the railroad company moved for a new trial on the ground that the verdict was contrary to

evidence and without evidence to support it. A new trial was refused; and this is excepted to, and is the only error assigned here.

Under the statutes of this State, whenever property belonging to any one is injured by the running of the locomotives, cars or other machinery of a railroad company, the presumption is against the railroad company; that is, when the plaintiff shows that he lost his property in this manner, a presumption arises that it was in consequence of the carelessness or negligence of the railroad company or its agents; but this presumption the railroad company may rebut by showing that, at the time the injury occured, they were in the use of all ordinary and reasonable care and diligence in the management of their trains or other machinery. The evidence in this case is not conflicting. It showed that at night, a train of this company, running on their railroad from Macon to Augusta, killed a certain mule belonging to Wilhoit; that the night was a clear, starlight night, but that at the place where this injury occurred, the track of the railroad company was enveloped by a smoke or fog, so that the engineer and fireman, who were on the lookout, were unable, in consequence of the smoke and fog, to discover this mule on the track before they got within fifty or sixty yards of the mule, and then it was impossible to have stopped the train so as to avoid killing the mule; indeed, it was shown by a witness for the plaintiff himself that this train could not have been stopped, going at the speed it was then and going down grade, within less than 200 or 250 yards. They blew the whistle,—one of them says he blew the alarm whistle, another, the whistle such as they blew at crossings—the whistle to keep things off the track. This is all the evidence there is in the case. Those two witnesses for the railroad company were the only witnesses who saw the accident and knew the circumstances attendant upon it; and there is not the slightest circumstance in the record to cast suspi-

cion on their testimony. There was no reason, so far as appears from the record, why this evidence should not have been believed by the jury; from aught that appears, it was entitled to full credit. It was wholly uncontradicted. And from this testimony, we are satisfied that the company relieved itself from the presumption that was against it; that under the facts and circumstances, they did all that could have been done to prevent the accident, using all ordinary and reasonable care and diligence. We think that the court ought to have granted a new trial, upon the ground that the verdict was contrary to evidence and without evidence to support it.

Judgment reversed.